IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Edward Dawkins,<br><br>                Plaintiff,<br>vs.<br><br>Nancy A. Berryhill,<br>Acting Commissioner of Social Security Administration,<br>                Defendant. | Civil Action No. 8:16-cv-3111-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed January 29, 2018, recommends the decision of the Commissioner be affirmed. ECF No. 18. On February 12, 2018, Plaintiff filed objections to the Report. ECF No. 20. On February 22, 2018, the Commissioner filed a response to Plaintiff's objections. ECF No. 21. For the reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

## Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[1] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative

---

[1] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

2

action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## **Background**

Plaintiff applied for DIB and SSI on October 24, 2012, alleging disability as of February 1, 2012, due to the following severe impairments: lumbar spine degenerative disc disease, L5 anterolisthesis, L4-5/L5-S1 facet arthropathy, and obesity. $R^2$. at 30. Plaintiff also has hearing loss and drug/alcohol abuse. R. at 30-31. Plaintiff's application was denied initially and upon reconsideration. On September 25, 2014, a hearing was held before an Administrative Law Judge ("ALJ"). On January 28, 2015, the ALJ issued a decision, finding Plaintiff was not disabled within the meaning of the Act and had the ability to perform light, unskilled work with limitations. Plaintiff sought Appeals Council review, and submitted additional evidence, which was made part of the record. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, concluding the new evidence did not provide a basis for changing the ALJ's

---

[2] Citations to the Record are denoted by "R."

decision, and making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action September 14, 2016. ECF No. 1.

**Discussion**

The Magistrate Judge recommends the court affirm the Commissioner's decision. Plaintiff objects to the Report, arguing the ALJ's rejection of a physician's assistant's ("PA") opinion was unreasonable, and new evidence requires the fact finder determine its probative value and the Appeals Council failed to consider the new evidence. ECF No. 20.

*1) Physician's Assistant's Opinion*

Plaintiff first argues the ALJ erred in not giving controlling weight to a treating PA's opinion Plaintiff is limited to sedentary work. ECF No. 20. Plaintiff relies on a case from this court finding the opinion of a non-acceptable treating source, such as a licensed clinical social worker, can outweigh the opinion of non-treating physician sources. *See id.* at 2 (citing *Munns v. Astrue*, 5:11-cv-393, 2012 WL 3264999 (D.S.C. Aug. 10, 2012)). Plaintiff argues the ALJ rejected the PA's opinion because (1) she was a physician's assistant and (2) based on a mistake regarding the number of times she treated Plaintiff. ECF No. 20 at 5. In response, Defendant argues this issue was presented to and ruled upon by the Magistrate Judge, who specifically found the ALJ properly evaluated the medical opinion evidence. ECF No. 21.

Physician's assistants are medical sources who do not fall within the Commissioner's list of acceptable medical sources, but instead are treated as "other sources" whose information "may

be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-03p[3]; *see also* 20 C.F.R. § 404.1514(d) and § 416.913. SSR 06-03p instructs the ALJ to evaluate the opinion of such a non-acceptable medical source, and that opinion "may outweigh the opinion of an acceptable medical source, including the medical opinion of a treating source." The factors for considering opinion evidence from a medical source who is not an "acceptable medical source" are the same as for acceptable medical sources, and include: how long the source has known and how frequently the source has seen the individual, how consistent the opinion is with other evidence, and how well the source explains the opinion, among others. SSR 06-03p. Where there is a conflict in the medical opinion evidence, the ALJ must fully explain the weight assigned to each source and the reasons for assigning such weight. *See Gordon v. Schweiker*, 725 F.2d 231, 235-36 (4th Cir. 1984).

The ALJ noted she gave little weight to PA Ivey's opinion Plaintiff was unable to perform more than sedentary full-time work, because "she is not an acceptable medical source, and because she only saw the claimant on two occasions." R. at 33. In analyzing the ALJ's reasoning, the Magistrate Judge noted PA Ivey's "treatment history is not substantial and the findings are limited." ECF No. 18 at 23. This court agrees. PA Ivey did not explain her opinion, but merely filled in a form and stated Plaintiff should be limited to sedentary work

---

[3] SSR 06-03p has been rescinded as of March 27, 2017; however, it was in effect when Plaintiff's case was filed and determinations made.

because of arthritis in his spine and increased pain with sitting and walking. R. at 371. Plaintiff's medical records of his visits with PA Ivey do not contain any work-related limitations. R. at 276-278. The court agrees with the Magistrate Judge's analysis of this issue, including declining to rule on Plaintiff's argument the Grids direct a finding of disability if he is limited to sedentary work. This objection is overruled.

*2) New Evidence*

Plaintiff next argues the ALJ failed to consider the new evidence submitted by Dr. Loring, Psy.D., which he believes "requires remand." ECF No. 20 at 5. In response, Defendant again notes the Magistrate Judge "fully addressed" this issue, as it was raised in Plaintiff's brief, and found substantial evidence supports the Commissioner's decision. ECF No. 21.

The court finds *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011) does not require remand, as the Appeals Council made findings about the additional evidence and the court cannot say these findings are contrary to the weight of the record. The Appeals Council found the report from Dr. Loring that Plaintiff was illiterate did "not change the weight of the evidence because it is contrary to the evidence in the file." R. at 2. The Appeals Council's denial cited Plaintiff's statements he could read and understand and write more than his name, he made C's in his classes in school, received printed instructions regarding his discharge from the hospital and did not indicate trouble reading them, and filled out the Medications form without issues. *Id.* The Magistrate Judge found the additional evidence did not require remand because it was essentially cumulative, noting the ALJ was aware Plaintiff required help to fill out forms and read the test to him when he applied for his driver's license. The court agrees *Meyer* does not require reversal

6

because the record provides an adequate explanation of the Commissioner's decision and substantial evidence supports her findings. This objection is overruled.

## Conclusion

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
March 6, 2018